IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

IN RE:   YARNELL'S ICE CREAM COMPANY, INC.,      CASE NO. 4:11-bk-15542M
                                                                                         CHAPTER 7
                         Debtor.

ARKANSAS DEVELOPMENT FINANCE AUTHORITY                        PLAINTIFF

VS.                                                 AP NO. 4:12-ap-1047

M. RANDY RICE                                                                   DEFENDANT


<u>MEMORANDUM OPINION</u>

On August 29, 2011, Yarnell's Ice Cream Company, Inc. (Debtor) filed a voluntary

petition for relief under the provisions of Chapter 7 of the United State Bankruptcy Code.

On August 29, 2011, M. Randy Rice was appointed Trustee and continues to perform the

duties of Trustee.

On April 4, 2012, Arkansas Development Finance Authority (ADFA), an agency of

the State of Arkansas, filed the above-captioned adversary proceeding against the Trustee

seeking turnover of property pursuant to 11 U.S.C. § 542 alleging they the ADFA has a first

priority security interest in certain real property by virtue of a mortgage and is entitled to the

proceeds from the sale of said real property.  The ADFA also alleges the mortgage entitles

them to the rents the Trustee received on the real property.

On May 1, 2012, the Trustee filed his answer to the complaint and also filed a

counterclaim against ADFA alleging that ADFA's claim of lien is invalid because the

1

mortgage, upon which ADFA claims a lien does not purport to convey any legal title in the mortgaged property and is subject to being avoided by the Trustee pursuant to his power as a bona fide purchaser as provided by 11 U.S.C. § 544(a)(3).

ADFA filed its answer to the counterclaim on May 21, 2012, denying the allegations of the Trustee's counterclaim.

On September 12, 2012, ADFA filed a motion for summary judgment accompanied by affidavits, exhibits, and a brief in support of the motion. On September 13, 2012, the Trustee also filed a motion for summary judgment accompanied by affidavits, exhibits, and a brief in support of the motion. Both parties filed responses to the other's motion for summary judgment.

The motions were scheduled for hearing a hearing in Little Rock, Arkansas, on October 11, 2012, at which time counsel argued the merits of their respective motions. After argument, the trial date of October 25, 2012, was continued and the motions for summary judgment were taken under advisement.

The Court has jurisdiction to decide this matter in accordance with 28 U.S.C. § 1334 and § 157(a). This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(K). The following opinion constitutes the Court's findings of fact and conclusions of law pursuant to Federal Rule of Bankruptcy Procedure 7052.

I.

FACTS

The facts are not in dispute. On November 22, 1994, pursuant to authority of

Arkansas law and for the purpose of securing and developing industry in the State of Arkansas, Debtor and the City of Searcy (City) entered into a transaction for the purpose of issuing $2,000,000.00 in bonds for the use and benefit of Debtor. The agreement was structured such that Debtor conveyed legal title to its real and personal property to the City as security for the loan. The City issued and sold revenue bonds to investors in the sum of $2,000,000.00 and loaned the proceeds of the bond issue to Debtor. Simultaneously, the City and Debtor entered into a Lease and Agreement whereby the City leased the real and personal property previously conveyed to it back to the Debtor for a lease payment in an amount equal to the City's cost to pay the interest and principal on the bonds outstanding until the bonds were paid off. Once all of the bonds were paid off and no bonds were outstanding, Debtor had the option to repurchase the real and personal property previously conveyed to the City for the nominal sum of $100.00. The option to repurchase was a provision in the Lease and Agreement.

The Warranty Deed from Debtor to the City was properly executed and acknowledged and filed of record in the deed records of White County, Arkansas, in Record Book 540 at Page 469 on November 28, 1994. Also, the Lease and Agreement was filed of record in the records of White County, Arkansas on November 28, 1994, and is recorded in Record Book 156 at Page 267. The Lease and Agreement contained a legal description of the real estate described in the Warranty Deed.

The 1994 bonds were replaced in 2000 by the City's issuance of refunding bonds according to ADFA's statement of undisputed facts which was admitted by the Trustee. No

other facts concerning the 2000 bond issue is in the record.

In 2006, Debtor entered into a new agreement with ADFA to pay off the remaining balance of the 1994 and 2000 refinancing bonds issued by the City and borrow an additional sum of money.  The record does not reveal how much was owed on the existing bond issue. The new agreement enabled Debtor to borrow $2,500,000.00 total and the 1994 and 2000 bonds issued by the City were paid off with the proceeds of the new loan from ADFA.

In connection with the new agreement, Debtor executed a promissory note payable to the order of ADFA in the principal sum of $2,500,000.00.  The note does not state an interest rate nor the repayment terms but refers instead to the provisions of a Loan Agreement.  However, the Loan Agreement was not made part of the record by either party.

On August 22, 2006, in order to secure the repayment of the note for $2,500,000.00, Debtor executed a mortgage on the same real property previously conveyed to the City in connection with the original transaction in 1996.  The mortgage also described certain equipment as being subject to the mortgage which was the same equipment previously conveyed to the City in 1996.  The new mortgage was filed of record with the Circuit Clerk of White County, Arkansas, and appears in Record Book 2006, at Page 29239 on August 22, 2006.  However, at that point in time, the City had not reconveyed title to the real estate and personal property to Debtor pursuant to the option to repurchase, although Debtor had the right to repurchase.

Debtor subsequently filed for bankruptcy and scheduled the real property and equipment described in the deed to the City and the mortgaged to ADFA as property of the

4

estate. ADFA was scheduled as a secured creditor with a lien on the real property described in the schedules, as well as a lien on furniture, fixtures, machinery and equipment located at 205 South Spring Street, Searcy, Arkansas.

On October 5, 2011, the Trustee filed a motion in the main case asking for authority to sell real property and other property and the authority to make proposed distributions to creditors holding valid liens in the property to be sold. The sale was proposed to be by auction.

On October 22, 2011, the Trustee filed an Adversary Proceeding (AP 11-1268) against the City styled "Complaint for Declaratory Judgment of Ownership of Property and to Order Immediate Transfer of Title to Property" alleging that the City should be compelled to convey the legal title to the property described in the complaint to the Debtor because the bond indebtedness described in the original transaction had been satisfied, and, therefore, Debtor was entitled to exercise its option to purchase the property for the nominal sum of $100.00. [1]

On November 16, 2011, the Court entered a consent judgment in AP 11-1268 prepared by counsel finding that the City held legal title to the property described in the

---

[1] In the Trustee's complaint, the original transaction was described as a loan from First Commercial Bank to the Debtor which was underwritten or guaranteed by the City and that the transfer of the real estate was intended as security for the guaranty. Since neither party made the original loan agreement a part of the summary judgment record this version of the transaction is not established by supporting affidavits; however, it is immaterial because whatever kind of debt was created in 1994 has been satisfied according to both parties.

5

Trustee's complaint and that Debtor owned equitable title to the property described in the complaint and ordered the City to transfer its interest to Debtor within ten days of the entry of the order upon payment of $100.00.  The property described in the complaint was the real property originally conveyed to the City. The equipment was not specifically listed in the complaint.

Thereafter, the City conveyed by special warranty deed and quitclaim bill of sale duly acknowledged both the real property and equipment previously described to Debtor which deed and bill of sale was recorded by the Circuit Clerk of White County, Arkansas, on December 11, 2011, in Record Book 2011 at Page 13308.

Thereafter, pursuant to court order the real property was sold at public auction for the sum of $301,000.00 and by agreement all claims of liens attached to the proceeds pending the outcome of litigation.  Some personal property was sold separately, but the personal property was not identified sufficiently to determine if any of the equipment previously mentioned herein was sold and if so for how much.

## II.

### SUMMARY JUDGMENT STANDARD

Rule 56 of the Federal Rules of Civil Procedure, as applied to these proceedings through Federal Rule of Bankruptcy Procedure 7056, provides that summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed.R.Civ.P. 56(a).  A genuine issue of material fact exists if the evidence presented is such that a reasonable jury could find for

6

the non-moving party.  See <u>Anderson v. Liberty Lobby, Inc</u>. 477 U.S. 242, 257, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).  The burden is on the moving party to establish the absence of a genuine issue of material fact.  See <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); <u>Burnette v. Dow Chemical Co.</u>, 849 F.2d 1269, 1273 (10th Cir. 1988).   In determining whether a genuine issue of material facts exists, the Court must view the facts in the light most favorable to the non-moving party.  <u>Canada v. Union Elec. Co.</u>, 135 F.3d 1211, 1212 (8th Cir. 1997).  Both parties agree no material issues of fact remain in dispute and the case is ripe for judgment.

III.

ARGUMENT

ADFA characterizes the original transaction between the City and Debtor as being similar to a contract for a deed.  According to ADFA, the undisputed facts are that the proceeds of the 2006 loan were used to pay off the bonds issued in 1994 by the City as evidenced by the new note from Debtor to ADFA for $2,500,000.00 and secured by a mortgage from Debtor to ADFA which was properly recorded on August 22, 2005.  ADFA further argues that notwithstanding failure of Debtor to exercise the option to repurchase for $100.00 the real estate in question, Debtor was at the time it executed and delivered its mortgage to ADFA the owner of equitable title.

Therefore, ADFA argues that it possesses a valid first mortgage lien in the $301,000.00 proceeds from the sale of the real property because on the date the petition was filed its mortgage lien was properly perfected by recording the mortgage in the Office of the

7

Circuit Clerk of White County, Arkansas, where the land is located.

The Trustee argues that ADFA's mortgage is subject to the avoiding powers of the Trustee under the provisions of 11 U.S.C. § 544(a)(3) because the Debtor did not possess legal title to the property it mortgaged.   The Trustee does not argue that the equitable title to real property may not be mortgaged under state law but argues that the Trustee, as a bona fide purchaser under 11 U.S.C. § 544(c)(3), may avoid an equitable mortgage.

IV.

DISCUSSION

11 U.S.C. § 544(a)(3) states in relevant part:

> (a) The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee . . . the rights and powers of, or may avoid any transfer of property of the debtor . . . that is voidable by -
> . . .
>
> (3) a bona fide purchaser of real property . . . from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser and has perfected such transfer at the time of the commencement of the case, whether or not such a purchaser exists.

As explained in 5 Collier on Bankruptcy ¶ 544.05 at 544-17 (Alan N. Resnick & Henry J. Sommer eds., 16th ed. 2011):

> [T]he trustee's right as a bona fide purchaser does not override state recording statutes and permit avoidance of any interest of which a trustee would have had constructive notice under state law.

Also see 4 Norton Bankruptcy Law and Practice § 63:6 (2011) wherein the author stated:

> Thus, the courts have appropriately construed this phrase [without regard to any knowledge of the trustee] to not affect actions which, under applicable law, serve to give competing claimant constructive notice of the claim.  When an otherwise bona fide purchaser would be subject to such claim because of

8

constructive notice the trustee cannot avoid a claim.

The question of whether the Trustee had notice, can only be answered by looking to state law. Arkansas Code Annotated § 18-40-102 (Repl. 2003) provides:

> Every mortgage of real estate shall be a lien on the mortgaged property from the time it is filed in the recorder's office for record and not before.  The filing shall be notice to all persons of the existence of the mortgage.

Compliance with this section acts to perfect the mortgage lien from claims of subsequent bona fide purchasers.  W. E. Tucker Oil Co. v. First State Bank of Crossett (In re W.E. Tucker Oil Co., Inc.), 55 B.R. 78, 81 (Bankr. W.D. Ark. 1985), aff'd, 64 B.R. 183 (W.D. Ark. 1986); In re Beene 354 B.R. 856, 860 (Bankr. W.D. Ark. 2006); Rice v. First Arkansas Valley Bank (In re May), 310 B.R. 405, 417-418 (Bankr. E.D. Ark. 2004); Hawkins v. First Nat'l Bank of Crossett (In re Bearhouse, Inc.), 99 B.R. 926, 927 (Bankr. W.D. Ark. 1989); Massey v. Wynne, 302 Ark. 589, 591, 791 S.W.2d 368 (1990).

Arkansas Code Annotated § 14-15-404(a)(1) (Supp. 2011) provides as follows:

> Every deed, bond, or instrument of writing affecting the title, in law or equity, to any real or personal property within this state which is or may be required by law to be acknowledged or proved and recorded shall be constructive notice to all persons from the time the instrument is filed for record in the office of the county recorder of the proper county.

A.

LEASE AND AGREEMENT BETWEEN DEBTOR AND THE CITY

Under Arkansas law, a deed will be treated as if it were a mortgage if that is what the parties intended.  See Nelson v. Nelson, 267 Ark. 353, 590 S.W.2d 293 (1979); Carter v. Zachary, 243 Ark. 104, 418 S.W.2d 787 (1967); Henslee v. Ratliff, 66 Ark. App. 109, 989

S.W.2d 161 (1999); <u>Duvall v. Laws, Swain, & Murdoch, P.A.</u>, 32 Ark. App. 99, 797 S.W.2d

474 (1990).  The rule is succinctly stated in <u>Monaghan v. Davis</u>, 16 Ark. App. 258, 700

S.W.2d 375 (1985):

> It is a well settled principle of equity jurisprudence in this state where at the time of sale, a vendor of land is indebted to the purchaser and continues to be indebted to him after the sale with the right to call for a reconveyance upon payment of the debt a deed absolute on its face will be considered by a court of equity as a mortgage.

Under the facts established by the parties the transaction between the City and Debtor

appears without doubt a deed absolute on its face intended by the parties to be a mortgage,

and will be treated as such under Arkansas law.  Under the provisions of Arkansas Code

Annotated § 14-15-404, the Lease and Agreement between the City and Debtor which was

duly recorded was "an instrument of writing affecting title, in law or equity, to any real or

personal property" and constitutes notice of the writing and is binding on the Trustee.

Therefore, the Trustee had constructive notice of the deed from Debtor to the City

and the Lease and Agreement containing the provision to repurchase the property back for a

nominal sum because the documents were duly recorded in the records of White County,

Arkansas.

## B.

## THE MORTGAGE FROM DEBTOR TO ADFA

Under Arkansas law, equitable title can be subject to a mortgage.  <u>Harris v. McCann</u>,

229 Ark. 972, 982, 319 S.W.2d 832, 838 (1959)(citing <u>Oliphint v. Eckerley</u>, 36 Ark. 69

(1880)); see also, <u>Scott v. Wells Fargo Bank, NA (In re Scott</u>), 424 B.R. 315 (Bankr. S.D.

10

Ohio 2010)(applying Ohio law).

Debtor acquired equitable title when all the outstanding bonds were paid in full by the proceeds of ADFA's note. Nevertheless, there existed defects in the mortgage from Debtor to ADFA because the City had not formally transferred title back to Debtor.

The Trustee argues that a mortgage is improperly recorded if it is not recorded against the entities which possess legal interest in the properties, and, therefore, does not provide constructive notice.  Rice v. First Arkansas Valley Bank (In re May), 310 B.R. 405, 418 (Bankr. E.D. Ark. 2004).  However, this case is distinguishable from In re May because here, the Lease and Agreement between the City and Debtor was duly recorded, along with the mortgage of the equitable interest. The Trustee is bound by the constructive notice of the deed intended to be a mortgage between the City and Debtor, the lease with option to purchase, and the mortgage of the equitable interest.  Therefore, the Trustee is not a bona fide purchaser, and cannot prevail under 11 U.S.C. § 544(a)(3).

The motion for summary judgment as to the validity of ADFA's mortgage lien in the proceeds of the sale of Debtor's real property is granted and the motion for summary judgment by the Trustee on its counterclaim to avoid the mortgage lien of ADFA is denied and the counterclaim is dismissed.

V.

ASSIGNMENT OF RENTS

ADFA also alleges in its complaint that post-petition the Trustee received payments in an unstated amount as rent of the real property in question and that the rents should be

11

turned over to ADFA because the mortgage from Debtor to ADFA contained an assignment of rents clause.  However, the record contains only a copy of a lease dated July 4, 2011, signed by Nestle DCS Company and not signed by anyone else.  The lease has a blank for a signature by a representative of the Debtor but not for the Trustee.  No other evidence was presented by either party.

At the hearing on the motion for summary judgment counsel for ADFA made no argument on this issue, although he made a short argument in his brief without citation to authority.  The Trustee made no argument, either at the hearing or in his brief.  No evidence as to whether Debtor was in default on the date the petition was filed or whether a receiver had been appointed was presented.  The record does not contain sufficient evidence to support an award of summary judgment for either party.  Therefore, both motions for summary judgment are denied.  Trial on the rest of the issues will be set by subsequent notice.

IT IS SO ORDERED.

Dated:  02/05/2013

_____
JAMES G. MIXON
U.S. BANKRUPTCY JUDGE


DATE:_____

cc:   M. Randy Rice, Trustee
      Lance R. Miller, Esq.
      Stephen B. Niswanger, Esq.

12